FILED
SUPERIOR COURT
OF GUAM

2022 NOV 23 PM 4: 42

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LUCAS MANGELSDORF, and<br>LISA MICHELLE MANGELSDORF,<br><br>            Plaintiffs,<br><br>     vs.<br><br>MAXIMUM ENTERTAINMENT, INC.,<br>VIVIAN THORBOURNE and PAUL<br>UNPINGCO REVOCABLE TRUST<br>ESTABLISHED UNDER THE UNPINGCO<br>REVOCABLE TRUST DATED<br>SEPTEMBER 28, 2011;<br>JOHN DOES 1 – 10, inclusive, JOHN DOE<br>INSURANCE CARRIER(s) Nos. 1 – 5<br>inclusive.<br><br>           Defendants. | CIVIL CASE NO. CV0022-22<br><br><br><br>**DECISION AND ORDER**<br>*Re: Defendant Trust's Motion to Dismiss* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 29, 2022, for a hearing on Defendant Vivian Thorbourne and Paul Unpingco Co-Trustees of the Unpingco Family Trust's ("Defendant Trust") Motion to Dismiss. Present at the hearing were Plaintiff Lucas Mangelsdorf and Lisa Mangelsdorf's ("Plaintiffs") Counsel Mark Williams, Defendant Maximum Entertainment Inc.'s Counsel Tim Roberts, and Defendant Trust's Counsel Mitchell Thompson. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendant Trust's Motion to Dismiss as it relates to COUNT I: Negligence and **GRANTS** Defendant Trust's Motion to Dismiss as it relates to COUNT IV: Loss of Consortium.

BACKGROUND

The instant case arises from Plaintiffs' Complaint for Negligence; Premise Liability; Loss of Consortium; and Direct Action Damages, filed on January 11, 2022.[1]

About four months later, on April 13, 2022, Defendant Trust filed their Motion to Dismiss Count I: Negligence and Count IV: Loss of Consortium.[2] Plaintiffs filed their Opposition on May 5, 2022, and Defendant Trust filed their Reply about 20 days later, on May 25, 2022. A hearing on the Motion was held on September 29, 2022, wherein the parties submitted on their briefs, and the Court took the matter under advisement.

## DISCUSSION

**I.  Motion to Dismiss for Failure to State a Claim**

Generally, Rule 8 of the Guam Rules of Civil Procedure ("GRCP") provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give

---

[1] While the caption of Plaintiffs' Complaint reads:
> Complaint for: Negligence (Two Counts); Premises Liability; Spoilation of Evidence; Loss of consortium; Direct Action Damages; Demand for Jury Trial

the headings within the body of the Complaint read accordingly:
> Count I—Negligence; Count II—Negligent Hiring, Training, Retention; Count II—Action for Spoliation of Evidence; Count III—Loss of Consortium by Plaintiff Lisa Michelle Mangelsdorf (Plaintiff's Mother); Count VII—Direct Action (Negligence) Against John Doe Insurance Carriers No. 1 – 5.

*See* Compl. (Jan. 11, 2022).

[2] The Complaint appears to misnumber the Fourth Cause of Action, as it identifies such as "Count III." Therefore, the Fourth Cause of Action—Loss of Consortium by Plaintiff Lisa Michelle Mangelsdorf (Plaintiff's Mother)—is hereinafter identified as "Count IV."

the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id*. at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id*. at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech*, 2010 Guam 13 ¶ 29 (emphasis added).

### a. COUNT I: Negligence

Generally, "in a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation [,] and damages." *Lujan v. Estate of*

*Rosario*, 2016 Guam 28 ¶ 33; citing *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 9. Therefore, in applying the standard for a Rule 12(b)(6) motion, the Court must determine whether Plaintiffs provide a short and plain statement of its claim for negligence such that it gives Defendant fair notice of the claim and the grounds upon which it rests. The Court addresses each element in turn.

### i. Duty

Here, Plaintiffs allege that:

> Defendants VIVIAN THORBOURNE and PAUL UNPINGCO are co-trustees of the UNPINGCO FAMILY TRUST established under the UNPINGCO REVOCABLE TRUST dated September 28, 2011 (hereinafter "Defendant Trust"), which owns the premises at which the aforementioned bar and tavern were located.

> Defendant Trust owed all persons on and/or about the premises a duty of reasonable care including but not limited to taking reasonable steps to provide adequate security and other reasonable precautions to ensure the safety of such persons. These duties were non-delegable.

Compl. pp. 2 – 3 (Jan. 11, 2022). In viewing the pleading in a light most favorable of Plaintiffs as the non-moving party, the Court finds that these allegations sufficiently reflect a short and plain statement of Defendant Trust's alleged duty owed as the owner of the premises at which the bar was located.

### ii. Breach

Next, Plaintiffs allege that:

> The aforementioned attack, beating, and assault suffered by Plaintiff LUCAS was a direct and proximate result of ... Defendant Trust having violated the above stated duties in multiple ways, including but not limited to: ....

*See* Compl. pp. 3 – 5 (Jan. 11, 2022). In applying the standard for Rule 12(b)(6), the Court finds that such allegation is a sufficient short plain statement of Defendant Trust's alleged breach of duty as it relates to Plaintiffs' claim for negligence.

### iii. Cause

Further, Plaintiffs allege that:

As a direct and proximate result of the negligence of ... Defendant Trust, Plaintiff LUCAS has sustained and will continue to sustain physical injuries, trauma, pain, mental anguish, psychological injuries, disability, suffering and loss of enjoyment of life, lost wages and benefits, and has been forced and will be forced to incur medical expenses.

*See* Compl. p. 4 (Jan. 11, 2022). The Court finds that such allegation is a sufficient short plain statement of Defendant Trust's alleged cause as it relates to Plaintiffs' claim of negligence.

### iv. Harm

Finally, Plaintiffs allege that:

As a further direct and proximate result of ... Defendant Trust's negligence, Plaintiff LUCAS sustained general and special damages in an amount to be determined at trial.

*See* Compl. p. 4 (Jan. 11, 2022). This allegation is a sufficient short and plain statement of Defendant's alleged harm as it relates to Plaintiffs' claim for negligence.

In viewing the Complaint in a light most favorable to the Plaintiffs as the non-moving party, the Court finds that Plaintiffs sufficiently provide a short plain statement of their claim for negligence, such that it satisfies the notice pleading requirement under the GRCP. As such, the Court **DENIES** Defendant Trust's Motion to Dismiss Count I: Negligence. The Court arrives at this conclusion without consideration of documents outside the Complaint; therefore, the Court is not prompted to consider the instant motion as one for summary judgment. The Court now turns to COUNT IV: Loss of Consortium.

### b. COUNT IV: Loss of Consortium

The Guam Supreme Court authority related to a claim for loss of consortium is limited. At most, the Supreme Court has established that a loss of consortium claim is derivative. *See Villanueva ex. rel. U.S. v. Commercial Sanitation Systems, Inc.*, 2005 Guam 8 ¶ 32. Further, the

Supreme Court concurred with the reasoning expressed in the dissent in *Abellon v. Hartford Ins. Co.*:

> "The cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss; it arises out of the bodily injury to the spouse who can no longer perform the spousal function. It is the loss of conjugal fellowship, affection, society, and companionship which gives rise to the cause of action."

212 Cal. Rptr. 852, 860 – 61 (Cal. App. Dist. 1985); citing *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d. 382, 405 – 06 (Cal. 1974); *see Villanueva*, 2005 Guam 8 ¶ 27.

While the Supreme Court has not explicitly adopted the majority rule—which only permits a spousal suit for loss of consortium and not a loss of consortium suit for a parent-child relationship—the authority cited above reflects the Supreme Court interpreting and "concur[ring]" with authority that applies the majority rule. As such, this Court finds that it appears beyond reasonable doubt that Plaintiffs can prove no set of facts in support of their claim for loss of consortium for two reasons. *See Ukau*, 2016 Guam 26 ¶¶ 26 – 27.

First, Plaintiffs appear to bring a loss of consortium claim based on a parent-child relationship as they allege that:

> At all times herein relevant, Plaintiff LISA is and was the *mother* of Plaintiff LUCAS. Plaintiff LUCAS has always throughout his life resided with his mother and did so at the time of the incident complained of. …

> Prior to the injuries caused by the negligence of Defendant[] … Trust, Plaintiff LUCAS was able to and did perform his duties as Plaintiff LISA's *son* as well as was able to and did perform his duties as Plaintiff LISA's son as well as was able to provide her love, warmth, and affection and was able to perform services for her and for and in the family home.

> As a direct and proximate result of Defendant[] … Trust's negligence as set forth herein, and as a direct and proximate result of the injuries suffered by Plaintiff LISA's *son* Plaintiff LUCAS, Plaintiff LISA has suffered and continues to suffer loss of consortium, including but not limited to the loss of attention, loss of enjoyment of life, and loss of: mutual comfort, affection, services, care and/or maintenance of the family home and thereby Plaintiff LISA has suffered damages in the amount to be determined at trial.

*See* Compl. p. 7 (Jan. 11, 2022) (emphasis added). As mentioned above, the Supreme Court appears to have "concur[red]" and interpreted a loss of consortium claim as it is applied under the majority rule. *See Villanueva*, 2005 Guam 8 ¶ 27. That is to say that, under the current state of authority, only a spousal claim for loss of consortium is recognized—not one brought based on a parent-child relationship.

Second, a loss of consortium claim is derivative. In other words, "all elements of the underlying cause must be *proven* before the claim can exist." *Agravante v. Japan Airlines Int'l Co., Ltd.*, 2007 WL 2026494 *6 (D. Guam 2007) (emphasis added). A loss of consortium claim arises out of "the *bodily injury* to the *spouse* who can no longer perform the *spousal function*." *Abellon v. Hartford Ins. Co.*, 212 Cal. Rptr. at 860 – 61 (emphasis added). In other words, the underlying bodily injury must first be proven before a claim for loss of consortium can exist. As such, Plaintiffs' claim for loss of consortium fails because: (1) Plaintiff Lucas is not Plaintiff Lisa's spouse, he is her son; and (2) even if he were her spouse, Plaintiff Lucas's bodily injury must first be proven to give rise to a loss of consortium claim.

As such, even in viewing the Complaint in a light most favorable to Plaintiffs, as the non-moving party, the Court finds that it appears beyond reasonable doubt that Plaintiffs can prove no set of facts in support of their claim for loss of consortium. As such, the Court hereby **GRANTS** Defendant Trust's Motion to Dismiss COUNT IV: Loss of Consortium.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Trust's Motion to Dismiss as it relates to COUNT I: Negligence and **GRANTS** Defendant Trust's Motion to Dismiss as it relates to COUNT IV: Loss of Consortium.

**IT IS SO ORDERED** ___NOV 2 3 2022___ .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam